IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02301-BNB

RAJOVA THOMAS,

    Applicant,

v.

WARDEN KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 09 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Rajova Thomas, is in the custody of the Colorado Department of Corrections and is incarcerated at the Sterling Correctional Facility. Mr. Thomas initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on September 13, 2010. He filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on September 20, 2010. Mr. Thomas submitted his amended Application on October 15, 2010 [Doc. No. 5].

The Court must construe the amended Application and other papers filed by Mr. Thomas liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

Mr. Thomas alleges in the amended Application that he was convicted of first degree murder by an El Paso County District Court jury on June 20, 2007. Amended

App. at 1-2. He states that he filed a direct appeal of his conviction asserting that he was denied a fair trial based of juror misconduct and the trial court's admission of inflammatory and prejudicial photographs. *Id.* at 2-3. Applicant alleges that the Colorado Court of Appeals issued a decision denying his request for relief on March 18, 2010. *Id.* at 3. Mr. Thomas then requested certiorari review in the Colorado Supreme Court. *Id.*

Applicant raises a single claim in the amended Application: that his due process right to a fair trial and/or an impartial jury was violated when the jury relied on the expert opinion of one of the jurors in determining a contested issue in the case instead of considering the expert testimony presented at trial. *Id.* at 5 and attachment.

In an order dated September 20, 2010, Magistrate Judge Boland directed Mr. Thomas to cure within thirty days certain enumerated deficiencies in his filings. Mr. Thomas cured the deficiencies in part, but was directed in a minute order or October 18, 2010, to submit a current financial statement to the Court that was certified by an appropriate prison staff member. Instead, Mr. Thomas filed a "Motion to Withdrawal" [Doc. No. 7] on November 4, 2010. Mr. Thomas states the following in his Motion:

> I previously filed a motion of Habeas Corpus and was not able to pay the filing fee, however, I would like to withdrawal [sic] that motion for the following reasons:
>
> 1) I want to exhaust my state remedies and post convictions with the C.R.C.P. 35.
>
> Conclusion: I would like to withdrawal [sic] the previous motion of Habeas Corpus without prejudice.

[Doc. No. 7].

The Court construes Mr. Thomas's "Motion to Withdrawal" liberally as a motion to

dismiss pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts, either by direct review or in a post conviction proceeding. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Dever*, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Picard v. Connor*, 404 U.S. 270, 278 (1971). A state prisoner bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The basis for Mr. Thomas's request for dismissal of this action is somewhat unclear. However, if Mr. Thomas has exhausted his juror misconduct claim, but seeks to raise additional claims in this proceeding that have not been presented to the state courts, his habeas application would be subject to dismissal as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1131 (10th Cir. 1995).

Mr. Thomas is advised that he will be required to file a new application for a writ of habeas corpus in order to pursue any claims in this Court. The one-year limitation period in 28 U.S.C. § 2244(d) will be applied to any new habeas corpus action he files

without regard to the instant action. The fact that the instant action is timely does not mean that any future habeas corpus action filed by Mr. Thomas also will be timely. Further, the time during which this federal action was pending will not toll the one-year limitation period with respect to any new habeas corpus action Mr. Thomas may file. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Accordingly, it is

ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 5] and this action are dismissed without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 9th day of November, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02301-BNB

Rajova Thomas
Prisoner No. 104698
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/9/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk